JOSEPHINE HEINEN, Appellee, v. MOTOR INN CORPORATION et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Compensable Injury—Finding by Commissioner.  A finding by the industrial commissioner, on supporting testimony, that an injury ''arose out of and in the course of'' an employment is conclusive on the courts.

Headnote 1:  Workmen's Compensation Acts C. J. p. 122.

*Appeal from Cherokee District Court.*—C. C. BRADLEY, Judge.

JUNE 21, 1926.

Proceedings under the Workmen's Compensation Law.  The finding of the commissioner that the claim was compensable was affirmed by the court, and defendants appeal.—*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*Molyneux, Maher & Meloy,* for appellee.

STEVENS, J.—This is a proceeding under the Workmen's Compensation Law.  Theodore Heinen, the husband of claimant, who is the appellee, was struck and killed by a passenger train at a railway crossing of the Illinois Central Railroad Company's on January 28, 1924.  The sole inquiry to which it is necessary to direct attention is: Did the death of Theodore Heinen arise out of and in the course of his employment as an automobile salesman of the defendant Motor Inn Corporation?  The law that the injury, to be compensable, must arise out of and in the course of the employment is too well settled to require the citation of authorities, but see the following: *Griffith v. Cole Bros.,* 183 Iowa 415; *Sparks v. Consolidated Ind. Coal Co.,* 195 Iowa 334; *Flint v. Eldon,* 191 Iowa 845.

It is conceded that, immediately preceding the day of his death, the deceased was employed by the Motor Inn Corporation as a salesman of Ford automobiles, and received a salary of $50 per week. It is also clearly shown that a part of his purpose in going to the country on the occasion referred to, was to sell a secondhand Ford car which he was driving, and to obtain an advance payment upon some corn which he had sold at Meriden to the Quaker Oats Company. Meriden is a small town near Cherokee, where deceased resided and was employed.

The controversy arises over the terms of the employment of the deceased by the corporation and the conflicting interpretations placed thereon by the respective parties. It is admitted, or clearly established by the proof, that secondhand cars were sometimes taken by the deceased in exchange and as part payment for new ones sold by him. He was required to account to his employer for the full price of the cars. He also sold the secondhand cars received in exchange, and turned in the money to the company. The deceased and the manager of the corporation usually discussed the particular secondhand car to be taken, and apparently had some understanding as to its value. The secondhand cars were not kept in the garage of the corporation, but in another and wholly independent garage located in the immediate vicinity. The exact point made by appellant is that the secondhand cars taken in exchange and as part payment for new ones were the exclusive property of the deceased, and that, in disposing of them, he acted for himself, and that, at the time of the accident, he was acting wholly outside of the scope of his employment, and that, therefore, the injury did not arise out of and in the course of his employment.

The commissioner, in his opinion reviewing the finding of the arbitrators, found that there was a contract of employment, and that the arrangement under which secondhand cars were received in exchange in part payment for new ones was a part of the contract of employment and of the plan of sale, and inseparable therefrom. The district court made substantially the same finding in the decree. It is a matter of common knowledge that the exchange of secondhand cars for new ones is a part of the business of selling automobiles, and that the custom is widely prevalent. The commissioner might well have found that the deceased was not engaged in an independent business as a dealer

of secondhand automobiles, but that whatever he did in that respect was in pursuance of his employment by the corporation. The stenographer and bookkeeper of the corporation testified that, while the deceased usually turned in the cash when new cars were sold, he was not required strictly to do so. The theory of appellant is that, while the finding of the commissioner upon disputed questions of fact must be given the weight of the verdict of a jury, there is no conflict in the evidence in this case, and the conclusion of the commissioner is in no sense conclusive or binding upon the court. We do not so interpret the record. There is no great conflict in the direct evidence, but the commissioner had the right to draw any legitimate inference therefrom. The finding that the sale of secondhand cars which were taken in exchange for new was an inseparable part of the contract of employment is not without support in the evidence. It is true that the burden of proof was on the claimant, but the commissioner found that she had sustained this burden.

The finding of the commissioner, having support in the record, is conclusive upon this court.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.