LAURA M. SANFORD ET AL., RESPONDENTS, v. CHARLES H. TOTTY COMPANY ET AL., APPELLANTS.

Argued October 21, 1932—Decided January 31, 1933.

For the appellants, *Lum, Tamblyn & Colyer.*

For the respondents, *Smith & Kiernan.*

The following opinion was prepared by the late Chief Justice Gummere, in compliance with the assignment to him. It clearly expresses the view of the court upon the matter involved in the litigation, and is adopted by the court as its own opinion in the cause.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by Laura M. Sanford and her husband against the defendants to recover compensation for injuries suffered by the wife through being struck by an automobile belonging to the Totty company and driven by one Yoder, its employe and a co-defendant; and compensation to the husband for medical expenses and loss of his wife's services and society.

The accident happened in December, 1929, about half-past five in the afternoon, on Mt. Pleasant avenue, in Hanover, New Jersey. Mrs. Sanford was walking along the right side of the street when she was struck by the automobile. The trial resulted in verdicts in favor of each of the plaintiffs and against the Totty company, and the appeal is from the judgment entered on these verdicts. The verdicts were rendered against the Totty company only; the jury making no finding with relation to the liability of the defendant Yoder.

The first ground of appeal submitted by the Totty company is that it was error on the part of the trial court to refuse to grant its motion to nonsuit or to direct a verdict in its favor. The argument made in support of this ground of appeal is that there is no evidence to show liability on its part for the accident, the claim being that the testimony

demonstrated beyond question that Yoder was using the defendant company's car for his own pleasure or business at the time of the happening of the accident. This statement is not justified by the proofs. It appeared therefrom that Yoder was an employe of the defendant company, he being one of its salesmen, and his duty being to solicit orders throughout territory in Long Island, Westchester county, Connecticut, Pennsylvania and New Jersey. The product of the company for the purchase of which Yoder solicited orders was flowers raised by it in its greenhouses in Madison, New Jersey. The proofs showed that Yoder made sales trips in one of the company's automobiles, and further, that usually before he started off on one of those trips he had a conference with the company's manager, and the places to be visited by him for the purpose of making sales were then determined; that he would start off early in the week and come back Friday; that during the week in which the accident happened (and it was on a Friday) he had been traveling in the company's car through some part of Connecticut for the purpose of selling its product; that he had completed his work and started on his return to Madison; that he had obtained permission from the company's manager to use the automobile on his way back to do certain personal errands and to call upon a friend who lived in Rutherford. It is argued on behalf of the appellant that the proofs clearly show that it was while he was using the automobile for these purposes of his own that the accident happened. But this is not the fact. There was considerable evidence submitted that Yoder had finished his personal business, which was the doing of some shopping in New York; that after he had done this he drove to Rutherford, but failed to find his friend there, and that he then started back to Madison, his purpose being to put the car in the garage where it was customarily stored when not in use; and that it was while he was on his return from Rutherford to the garage that the accident happened. On the proofs referred to, it became, in our opinion, a question to be decided by the jury as to whether or not he was using the automobile for his own purposes at the time of the happening of the

accident, for if at the time it happened Yoder had ceased the use of the car for his own purposes and was driving it to its destination—that is, to the garage where it was kept while not being used—he was then engaged in the business of his employer, under our cases. *Evers* v. *Krouse,* 70 *N. J. L.* 653; *Missell* v. *Hayes,* 86 *Id.* 348; *Dunne* v. *Hely,* 104 *Id.* 84. We conclude, therefore, that there was no error in the refusal of the trial court to grant a nonsuit in favor of the appellant or to direct a verdict against the plaintiffs.

As has been already stated, the jury rendered a verdict against the Totty company alone, and did not find either in favor of or against the plaintiffs, so far as their claim against Yoder was concerned. It is contended as an additional ground for reversal that the judgment should be set aside because the failure of the jury to find a verdict against Yoder was tantamount to a declaration on its part that he was not responsible for the accident, and that, this being so, of course, his employer could not have been. This contention, in our opinion, is also without merit. In the case of *Dunbaden* v. *Castle's Ice Cream Co.,* 103 *N. J. L.* 427, this court, in an opinion rendered by the late Mr. Justice Katzenbach, held that the failure of a jury to return a verdict either in favor of or against the servant, in a suit brought against both master and servant and based upon the doctrine of *respondeat superior,* in which a verdict is returned against the master, affords no ground for setting aside the judgment entered upon the verdict against the latter; that upon the rendition of such a verdict, the case stands as to the servant as if it had never been tried.

These are the only grounds for reversal which have been argued by counsel of the appellant, and, considering each to be without merit, we conclude that the judgment under review should be affirmed.

*For affirmance*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Heher, Kays, Hetfield, Wells, Kerney, JJ. 13.

*For reversal*—None.