FRANK DAVIS, Appellee, v. HOMER BJORENSON, d. b. a. HUMBOLDT IMPLEMENT COMPANY, et al., Appellants.

No. 45242.

8

September 17, 1940.

Miller, Huebner & Miller, for appellants.

Philip C. Lovrien and Franklin Jaqua, for appellee.

Oliver, J.—This is a workmen's compensation case. Claimant, Frank Davis, was a mechanic in the employ of defendant, Bjorenson, who was engaged in business under the trade name of Humboldt Implement Company. Claimant's injury was received in an automobile collision while driving his automobile about 12 blocks from his home to the employer's place of business at about 7:30 a. m. The principal defense was that his injury was not received in the course of and did not arise out of his employment.

At the start of claimant's employment the business was operated by one Hasser, later by Bjorenson and Hasser, and for 4 or 5 years prior to claimant's accident by Bjorenson individually.

Claimant worked as a mechanic at the employer's place of business and was also sent to various farms to repair tractors.

He customarily worked 6 days per week, from about 7 a. m. to 6 p. m., with 1 hour for lunch and was paid a weekly wage with time and a half pay for overtime. His original oral agreement of employment, which was continued to the time he was injured, required him to furnish an automobile, which was to be kept at his employer's place of business during ordinary working hours, for use in the business. The employer furnished gas and oil for the car. During working hours the car was used in making service calls from the shop by claimant and by other employees of Bjorenson, and Bjorenson at times when Bjorenson did not have a service car, or when the service car was not available. When claimant's car was not being so used by other employees or by Bjorenson during the noon hour, claimant used it to go to and from his home for his noonday meal. When other employees took his car they asked his consent ''as a matter of courtesy'', which was always given. At night the car was kept at claimant's home from which place he was at times required to use it in making emergency service calls at other than regular working hours. Mr. Bjorenson would call claimant at his home, at night, to go out on these jobs.

Upon arbitration the deputy industrial commissioner, as sole arbitrator, awarded compensation to claimant. This award was reversed by the industrial commissioner upon review. Upon appeal to the district court the decision of the commissioner was reversed and claimant was awarded compensation. From the ruling and order of the district court defendants have appealed.

I. The commissioner denied the claim for compensation upon the ground that claimant's injury did not ''arise out of and in the course of his employment.'' Appellants contend the findings of the commissioner are findings of fact, which are supported by evidence and that his ruling was not subject to review by the court. It is sufficient answer to say there was no conflict in the evidence and that the determination of whether the injury arose out of and in the course of the employment was a legal conclusion based upon a factual situation established without conflict. Therefore, it was subject to review by the court. Marley v. Johnson, 215 Iowa 151, 244 N. W. 833, 85

A. L. R. 969; Petersen v. Corno Mills Co., 216 Iowa 894, 249 N. W. 408.

II. Did claimant's injury arise out of and in the course of his employment? Many authorities from other jurisdictions have been cited by the contending parties. Some of these are based upon statutes differing materially from ours, none are directly in point. Nor do we find this court has ever decided the question here presented although it has passed upon or discussed some of the principles involved. In Kyle v. Greene High School, 208 Iowa 1037, 226 N. W. 71, compensation was allowed for the death of a school janitor killed on his way to the school to adjust an unexpected difficulty within the scope of his usual duties. The court said, 208 Iowa 1037, 1040, 226 N. W. 71, 72:

"It is a well settled general rule that an injury suffered by an employee in going to or returning from the employer's premises, where the work of his employment is carried on, except in special instances, does not arise out of his employment so as to entitle him to compensation. * * * [Citing cases.]

"An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand, or some duty incidental to the nature of his employment, in the interest of, or under the direction of, his employer. In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment." (Citing cases.)

The Kyle case was quoted with approval in Marley v. Johnson, 215 Iowa 151, 244 N. W. 833, 85 A. L. R. 969, in which compensation was allowed for injuries received by an employee while cranking his own automobile in order to travel from one job of work to another.

Heinen v. Motor Inn Corp., 202 Iowa 67, 209 N. W. 415, allowed compensation for the accidental death of an employee

on a trip for the purpose of selling a second-hand car for the employer and also to collect, from a third party, money due the employee personally. See also Walker v. Speeder Mach. Corp., 213 Iowa 1134, 240 N. W. 725, and cases therein cited.

In the case at bar claimant's duties consisted of inside shop work and outside service calls requiring transportation. These calls were made from the shop in the daytime and from claimant's home at other times upon call by the employer to claimant at his home. Under the employment agreement claimant regularly furnished his automobile to the employer for use in the business as a service car. At night the car was kept at claimant's home where he was subject to emergency service calls requiring its use. During regular working hours the car was kept at the employer's place of business for use in the business, not only by claimant but also by the employer and by other employees. Thus the car was an instrumentality of the business at all hours of the day and was subject to that use at night. It happened that claimant received no orders to make emergency service calls during the night before he was injured. Consequently, it was his duty, and this duty was regular and definite, to take the automobile to the employer's shop for its use in the business, by others as well as claimant. In so doing he was performing for his employer a substantial service required by his employment at the place and in the manner so required. In the language of the able trial court, "claimant had no selection of his mode of travel to work, that he was required under the terms of his contract to drive his own car from his home to the shop where it was available to his employer for use in the employer's business."

It is our conclusion that claimant was in the course of his employment when so engaged and that his injury arose out of his employment. The trial court was correct in so holding.

III. The trial court awarded claimant $1,117.25, plus interest, as compensation for 109 weeks to December 30, 1939, at $10.25 per week, with continuing weekly compensation during further disability and in addition medical, surgical and hospital expenses necessarily rendered or to be rendered up to the statutory maximum of $600. The commissioner having

denied compensation had made no findings upon any of these matters, and the findings of the district court were necessarily made solely upon evidence which had been taken at the hearings upon arbitration and review more than a year before the trial in district court. From that evidence it appeared that claimant's disability was probably temporary in character as distinguished from permanent, total or partial disability for which definite terms of compensation have been fixed by statute. There was not sufficient evidence in the record to enable the trial court to determine that the disability had continued to the date of the decree. Furthermore, the evidence as to the amount of the weekly wages for the year prior to the injury was in conflict.

The Workmen's Compensation Act was enacted in 1913. Since that time various amendments have been adopted. The original provisions relative to appeal to the district court appear in section 2477-m33 of the 1913 Supplement to the Code. These provisions were indefinite in character and have been interpreted as giving the court power to investigate whether the commissioner exceeded his jurisdiction in making or refusing an award. If the latter, the court might remand to the commissioner with direction that he allow what the statute provides, or to avoid circuity of action the court might itself award compensation if it appeared as a matter of law what that compensation should be. Griffith v. Cole Bros., 183 Iowa 415, 424, 165 N. W. 577, 580, L. R. A. 1918F, 923; Rish v. Iowa Portland Cement Co., 186 Iowa 443, 454, 170 N. W. 532, 536.

In 1917, the foregoing section was repealed and replaced by section 17 of chapter 270 of the Acts of the Thirty-seventh General Assembly, which provides that upon setting aside of the order of the industrial commissioner, the court may recommit the controversy to him for further hearing or proceedings or may enter the proper judgment upon the findings, as the nature of the case may demand. Flint v. Eldon, 191 Iowa 845, 183 N. W. 344, interpreted this provision as not authorizing the district court to make new findings of fact warranting compensation but required the court to recommit to the commissioner a case in which the commissioner had denied an award upon the erroneous basis that claimant had failed to

show, beyond all reasonable doubt, that the death of the workman was due to the injury.

Under the present statute, section 1454, Code of 1939, the court may remand the case to the commissioner for further proceedings in harmony with the holdings of the court, or it may enter the proper judgment, as the case may be. It has been the practice for the court to enter such judgment in a case in which the amount of the award was determinable as a matter of law. Almquist v. Shenandoah Nurseries, 218 Iowa 724, 736, 254 N. W. 35, 41, 94 A. L. R. 573; Diederich v. Tri-City Ry. Co., 219 Iowa 587, 258 N. W. 899; Hamilton v. Johnson & Sons, 224 Iowa 1097, 276 N. W. 841.

But where the duration of the disability or rate of compensation has not been determined by the commissioner and there is an absence of or conflict in the evidence upon which such determination must be made the proper practice appears to be to recommit the case to the commissioner. Black v. Creston Auto Co., 225 Iowa 671, 281 N. W. 189. Under the circumstances we think that procedure should have been here adopted. This will give opportunity for further evidence concerning the disability.

To the extent that the order of the district court fixes the rate of compensation and the term of disability and makes a specific award based thereon, the same is hereby set aside and the cause is ordered remanded to the commissioner for further proceedings in accordance with law and in harmony with the holding of the trial court and this court that claimant's injury is compensable. In all other respects the order and judgment of the trial court is affirmed.

Nothing contained herein is intended as an expression of opinion as to the character or duration of claimant's disability. —Modified and affirmed.

RICHARDS, C. J., and HAMILTON, HALE, SAGER, MITCHELL, and BLISS, JJ., concur.

MILLER, J., takes no part.