ELLIS, Judge.
This is a workmen’s compensation suit brought by the plaintiff on behalf of herself and her two minor daughters, seeking the recovery of maximum compensation payments for a period of 300 weeks for the death of plaintiff’s son, Joseph Flora Le-Blanc. At the time of the death of this man he was employed by the Louisiana Department of Highways and the defendant, was its insurer. Legal interest from the maturity dates of payments was prayed for. as. well as burial expenses not to exceed $300, and medical expenses not to exceed $500. The suit was brought in for-ma pauperis.
An exception contesting the capacity of the defendant to stand in judgment for and on behalf of the minors, demanding the plaintiff should first qualify herself, was filed, as well as an exception of vagueness and an exception of no cause of action. The last exception" was based upon the grounds urged in the first.
A supplemental petition was filed alleging that the husband of the plaintiff is deceased and that therefore she was the proper party to represent herself and her minor children; that her son, the employee who was killed, was at the time of his death married to one Eunice Hagan, from which marriage there was no' issue, and that said wife is precluded from receiving compensation payments as she and her husband had lived separate and apart for over six years prior to the accident and consequently she was not dependent upon the employee at the time of his death or prior thereto.
It was further alleged in the supplemental petition, in the alternative, that should it be shown that there exists legal issue of this marriage, they are not entitled to compensation since such issue was not dependent upon the employee and never lived with him.
Further allegations state that on the date of- the accidental death of the employee he went to work on his bicycle under the express direction “and/or” the acquiescence of his foreman, and that this employee was "more subjected to his injury and death by reason of his employment than he would otherwise be”, his employer’s business necessitating him to be at the place at the time of the accident, he not being’ there upon his own pleasure or business.
The first exceptions filed to the original petition were dismissed in view of the sup *911 plemental and amended petition. However, these exceptions were re-urged, and all were referred to the merits, whereupon the defendant filed an answer.
The case was tried on the merits and judgment was rendered in favor of the defendant, rejecting the demands of the plaintiff upon the ground that the accidental death of the employee did not occur within the course or scope of his employment.
From this judgment the plaintiff has appealed.
The deceased employee was a member of the maintenance department of the Louisiana Department of Highways and shortly before his death had been assigned to an emergency job at the Bayou Boeuf Bridge located approximately 9 miles east of Morgan City. His duties upon this emergency location consisted in warning traffic traveling east across this bridge, as the electrically operated cross-bars were out of order. His duties commenced at 6:00 P. M. and ended at 6:00 A. M.
This employee lived with his mother and sisters in Morgan City, and as a crew member of the maintenance department he was furnished transportation to and from his work. However, the record is clear that the employer was not obligated to furnish transportation as a part of the contract of emergency employment as a bridge tender. It is shown that as a matter of courtesy on the part of his foreman he was furnished with transportation to and from the bridge, and this method of transportation was' always available to this employee if he would call at the home of the foreman. At times however, certainly upon two or three occasions, the employee, who owned a bicycle, used it to reach his place of employment and return to his residence. This method of transportation was strictly against the orders of the foreman of the employee, as shown by the record. This foreman reprimanded Le-Blanc several times as to the use of a bicycle to travel to the bridge. It is evident this foreman never refused, as a matter of courtesy, to transport LeBlanc to and from work.
On the date of the accidental death, the employee, in company with a brother who was also an employee of the Louisiana Highway Department, called at his foreman’s home to obtain a ride to work. The foreman had already 'left his home to notify LeBlanc that the cross-bars on the bridge had been placed in operation again and that he need not report to work.
The employee evidently did' not know the emergency had been cleared, and proceeded to ride his bicycle to the bridge site, where he learned the necessary repairs had been made and his services as bridge tender were no longer needed. He then left the bridge and rode to a store, a distance of approximately 800 feet from the bridge, where he ordered and partook of a piece of cake and bottle of soda water, remaining in the store about fifteen minutes. He remounted his bicycle, and approximately 1,200 feet from the store and about 2,000 feet from the bridge, was struck on the back of his head by the protruding arm of a rear view mirror on a truck traveling in the same direction owned by the Morgan City .Packing Co. of Houma, was taken to a hospital and died shortly thereafter. There is no relation whatsoever between this Packing Company and the Louisiana Department of Highways.
Under the pleadings and stipulations the ■first question to be decided is whether this employee’s death occurred during the course of his employment, and if it arose out of his relationship with his employer.
Usually, under the Employers’ Liability Act of Louisiana, 'LSA-R.S. 23:1061 et seq., an injury suffered by an employee while away from his employer’s premises, while going to and from work, does not arise out of and in the course of his employment. The general rule and the exceptions are stated in the recent case of Babineaux v. Giblin, 37 So.2d 877, 879, decided by this Court, wherein it is set forth:
*912 “The general rule under the Workmen's Compensation law of this State is that an injury suffered by an employee away from his employer’s premises, while going to or returning from work, does not arise out of and in the course of. his employment. However, this rule is subject to three exceptions: . The first exception is where 'the employee’s duties are such as to require him to .furnish his own means of transportation in the actual performance of his work and uses his own means of transportation not only to go 'back and forth to his work, but also to perform his duties during the course of a day’s business. In such instances, the means of transportation ’is a sort of instrument or tool 'of trade and the employee travels during the' course of one day’s work from place to place in the pursuit of his duties. The second exception is where the employer furnishes the means of transportation. The third exception is where the accident'occurs near or 'immediately adjacent to the premises of the employer in the route of ingress or egress used by the employees.”
Tlie plaintiff in the present case contends that LeBlanc, the employee, as part of his employment; -was required to furnish his own means of transportation and was so doing under the express direction of his employer, through its agents, with the knowledge, approval and authorization of the employer, and consequently the first exception would apply.
It is clearly shown by the evidence that while the employee furnished his own transportation to and from the site of his duties, the selection of his .means of reaching this place of 'employment was done, at his discretion-. True- his foreman extended the courtesy of transportation whenever LeBlanc came'to his home and asked for it. It is equally true that at other times he used his own bicycle. His foreman had warned him about the hazard of traveling upon- the highway to and from work on this bicycle, but these warnings were ignored. There is nothing in the record to show that the use of this bicycle for transportation was being dope with the approval and authorization of the employer. The employer had absolutely no control over the bicycle, and this means of transportation was not used-in the actual performance of1 the employee’s work nor in the performance of his duties during the course of his business. The bicycle was not an' instrument or tool of trade, but only a means of reaching the place of his employment. LeBlanc had a fixed place of' employment, a definite hour to begin his duties, and a definite hour to- end his duties.
On the day LeBlanc was injured he reported to- work but found the necessary repairs had been made on the warning system of the bridge, and consequently there' was no necessity for him to remain there. From that moment he. was free to go wherever he liked, and his employer’s business did not require him to be where he ,was at the time he was fatally injured. As a matter'c>f fact he stopped for his personal pleasure'ait a store and partook of refreshments. Afterwards he proceeded upon the bicycle about % of a mile from the bridge site, to where the accident occurred. ITe could have gone in another direction or stayed at the store longer, or done anything else he so desired as he was no longer under the authority of his employer, and his services had been ended. Consequently the first exception to the general rule is not applicable here.
Since the employer did not furnish the means' of transportation, the second exception is equally inapplicable.
The third exception to the general rule has been applied by our courts following .the decisions in Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 and Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507. This exception is generally referred to as the .“Proximity Rule”, and under this exception it 'has been held this rule' applies only when an accident occurs away from the premises of the em *913 ployer but within close proximity thereto, and by reason of a hazard to which.the employee was more subjected because of his employment than the general public. It seems clear that although the accident occurred fairly close to the scene of Le-Blanc’s employment, yet he had left the bridge and proceeded about his own business, and it can be said he had departed from the premises of his employment. To recognize liability under the third exception to ■ the general. rule would be to extend the protection of workmen’s compensation to all hazards of travel even though they be unrelated to the business of the employer. At the time of the accident the employer had lost all supervision and control of LeBlanc and he was returning to his home by transportation of his own choosing, and we do not find any causal connection between the accident and his duties of employment. ■ Consequently the “Proximity Rule” cannot be applied here.
We are of the opinion that the accidental death of LeBlanc did not occur within the course or scope of his employment and consequently that plaintiff is not entitled to recover.
In Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, the Supreme Court of our State used the following language:
« * * * jn determining, therefore,, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business ■ and not merely pursuing his own business or pleasure; and. (2) did the ner cessities of that, employer’s business reasonably require that the employee, be at the place of the accident at the ' time the accident occurred? * * *”
Also see Walker v. Lykes Brothers, Ripley S.S. Co., Inc., La.App., 166 So. 624; Babineaux v. Giblin, supra; Jinks v. Burton Sutton Oil Co., Inc., La.App., 44 So.2d 343.
In the Jinks case, supra, it was held.an employee was not acting within the course of . his employment when fatally- injured while riding his motorcycle home, as the employee had completed all of the duties which he was required to perform for the employer, and that when he completed these and was en route to his home he was not engaged about his employer’s business.
, Other, defenses have been urged herein but our conclusion makes it unnecessary that these be considered.
For the reasons hereinabove expressed, the judgment of the Lower Court is affirmed.