151 So.2d 379 (1963)
Eula Buxton WILLIS, Plaintiff-Appellee,
v.
Sam CLOUD, Defendant-Appellant.
No. 792.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
Rehearing Denied April 11, 1963.
Certiorari Refused June 4, 1963.
Donald M. Garrett, Alexandria, for defendant-appellant.
Mouser & Mouser, by Edward M. Mouser, Oakdale, for plaintiff-appellee.
Before TATE, FRUGE and HOOD, JJ.
FRUGÉ, Judge.
This is a suit by Eula Burton Willis, widow of Marion Willis, for workmen's compensation benefits on behalf of her four minor children, against Sam Cloud, a pulpwood producer. The trial court awarded plaintiff maximum benefits of $35.00 per week for 400 weeks, and defendant has appealed to this court.
*380 There is very little dispute concerning the basic facts of this case; the sole issue presented being whether the deceased husband of the plaintiff met his death in an accident arising out of and in the course of his employment.
The evidence adduced at the trial of this case establishes the following facts:
The defendant, Sam Cloud, is a pulpwood producer and had been in this business for several years. At the time of the fatal accident he was producing pulpwood for Calcasieu Paper Company near Elizabeth, Louisiana and had made arrangements with the Industrial Lumber Company to purchase pulpwood from a large tract of land owned by that company. Pursuant to this arrangement, defendant sub-contracted with numerous individuals, including the deceased Marion Willis, to cut this pulpwood and deliver it to the premises of the Calcasieu Paper Company. The deceased was paid by defendant the sum of $9.25 for each cord of pulpwood delivered to the Calcasieu mill. He furnished his own truck, hired his own employees (a cutter and a loader), and paid for all gasoline and truck expenses. He also picked up his employees, brought them to work in the morning and took them home in the evening after work.
On the day of the fatal accident the deceased picked up his cutter and loader and went into the woods. They cut and hauled one load to the Calcasieu mill. Thereafter, a part of the truck, commonly known as the "hump", broke making it necessary for them to go to a welding shop to have it repaired. After the truck was repaired they decided not to return to the woods, and proceeded on home. It was on this return trip that the fatal accident occurred.
The general rule under the Workmen's Compensation Law of this State is that an accident suffered by an employee away from his employer's premises, while going to or returning from work, does not arise out of and in the course of his employment. Vincent v. Service Contracting, Inc., La.App., 108 So.2d 281; Hay v. Travelers Ins. Co., La.App., 106 So.2d 791; LeBlanc v. Travelers Ins. Co., La.App., 68 So.2d 910. This rule, however, is subject to a number of important exceptions. Thus it is stated by Professor Malone in Louisiana Workmen's Compensation Law and Practice, pages 206-207, Sec. 173:
"An accident that happens while an employee is being transported to or from work by his employer is compensable under the Act if the transportation is furnished as an incident of the employment. * * *
"The rule applies whenever the employer has interested himself in the transportation to and from work as an incident to the employment agreement, and it is immaterial whether he provides a conveyance and driver or merely pays the cost of fuel for the employee's own vehicle. * * *"
Numerous other exceptions have been developed by the jurisprudence of this State. However, since they involve factual situations, which are not present in the case at bar, it would serve no purpose to set forth, in this opinion, an exhaustive analysis of these various rules. See Malone, Louisiana. Workmen's Compensation Law and Practice, Sections 171-173.
Defendant relies primarily on the case of Hay v. Travelers Insurance Company, La.App., 106 So.2d 791 in urging that the accident is not compensable. In that case the facts are indeed very similar to the instant case. The widow of Foster Hay who was killed in an automobile accident, brought suit against his employer's workmen's compensation carrier for compensation benefits for the death of her husband. The deceased employee lived some 12 miles from his employer's premises. On the morning of the fatal accident and while on his way to work, riding as a guest passenger in an automobile owned and driven by a fellow employee, he was killed in an automobile accident. As in the instant case, the employer neither furnished the means of transportation nor paid for its *381 cost. The Court in denying compensation stated at pages 794-795:
"The act of the deceased was one personal to him. He chose his own mode of transportation; he was performing no duty of his employer; he was not on his employer's payroll, nor had the hour arrived for the beginning of the day's work. Thus, the resulting accident could not, and did not, have any causal connection with the business of the employer; nor did his death occur during the course of his employment or arise out of his relationship with the employer. * * *"
While the Hays decision, supra, is similar in many respects to the case at bar, we note one important distinction. In the instant case, the deceased employee's duties were such as to require him to furnish his own means of transportation in the actual performance of his work. He used his own truck not only to go back and forth to his work, but also to perform his duties during the course of a day's work. Thus, in effect, the deceased employee's truck was an instrument or tool of his trade.
As far as we are able to ascertain, the question of whether the course of employment embraces the trip to and from work where the employee, as part of his job, is required to bring with him his own vehicle to be used on the job, has never been decided by any court in this State. Accordingly, the cases cited by both parties to this suit afford no guides to its resolution.
However, upon examination of the jurisprudence of other jurisdictions on this issue, we find the following:
In Larson's Workmen's Compensation Law, page 239, Section 17.50, it is stated:
"Closely analogous to the employer's conveyance rule in principle is the holding that the course of employment embraces the trip to and from work if the employee as part of his job is required to bring with him his own car or motorcycle, regardless whether he is compensated for the trip. * * * [T]he obligations of the job reach out beyond the premises and compel the employee to submit to the hazard of motor travel, which otherwise he would have the option of avoiding."
Similarly, 99 C.J.S. Workmen's Compensation § 236, page 846, provides:
"Moreover, the fact that the employee furnishes his own conveyance will not defeat his right to compensation for injuries sustained while going to or from work where the employee, while so doing, is engaged in the business of the employer, or is on a mission for the employer, or is engaged in performing his duties, or while the employee is, by the practice of the employer, paid for the time spent in going to and from work, or where, by the terms of the contract of employment, the employee is required to furnish the conveyance. * * *" (Emphasis added.)
In Borak v. H. E. Westerman Lumber Co., 239 Minn. 327, 58 N.W.2d 567, the Supreme Court of Minnesota held that where a manager of a lumber company customarily used or was expected to use his automobile at his place of business, his accidental death from carbon monoxide poisoning, while attempting to start his automobile preparatory to going to work, arose out of and in the course of his employment.
Also pertinent to this issue is the case of Davis v. Bjorenson, 229 Iowa 7, 293 N.W. 829, wherein the court found that injuries received by a mechanic in an automobile collision while driving to work in the morning were compensable injuries arising out of and in the course of his employment, where the claimant was required to furnish an automobile for the purpose of making calls from his employer's shop.
*382 See also Weatherbee Electric Co. v. Duke (Okl.), 294 P.2d 298; Maryland Casualty Co. v. Smith (Tex.Civ.App.), 40 S.W.2d 913.
We are in complete accord with the views expressed by the authorities cited herein, and accordingly adopt them as our own.
As previously noted, plaintiff's deceased husband was required to use the truck, in which he was killed, to haul logs in the course of his employment. Consequently, it was his duty to take this truck to his employer's work site for its use in furtherance of his employer's business. In so doing he was performing for his employer a substantial service required by his employment at the place and in the manner so required. It necessarily follows that his accidental death while driving the truck home from work arose out of and in the course of his employment.
The last question which we need answer concerns the amount of compensation plaintiff is entitled to. In this regard, defendant submits that the trial court committed error in awarding plaintiff compensation benefits at the rate of $35.00 per week. While we do not have the benefit of the trial judge's written reasons on this issue, an examination of the record amply supports his finding. The testimony of his co-workers shows that the average daily net earnings of the decedent on days that he cut and hauled pulpwood was in excess of the daily rate of pay entitling him to maximum compensation, which is corroborated by the federal income tax return showing the decedent's earnings during the last year of his life.
For the reasons herein assigned, the judgment of the lower court is affirmed; appellant to pay all costs of this appeal and of these proceedings.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.