384 P.2d 400

**LaPreal WILSON, Plaintiff and Appellant,**

**v.**

**SEARS, ROEBUCK & COMPANY,
Defendant and Respondent.**

**No. 9793.**

Supreme Court of Utah.

Aug. 15, 1963.

Christenson, Novak, Paulson & Taylor, Provo, for appellant.

---

4. 59–15–2(b), U.C.A.1953.

5. See also: International Harvester Co. v. Treasury, 322 U.S. 340, 64 S.Ct. 1019, 88 L.Ed. 1313.

Leonard W. Elton, Robert D. Moore, Salt Lake City, for respondent.

JONES, District Judge.

Personal injury action. The trial court (on motion for summary judgment) determined that the accident came within the scope of our Workmen's Compensation Act and dismissed the proceeding. This appeal followed.

Appellant was a regular employee of respondent. She had taken advantage of her employee discount privilege by purchasing two room-sized rugs. During her lunch hour period she went out to the parking lot and got her automobile and brought it around to customer pickup for the purpose of taking delivery of said merchandise. She was about to back her car down the ramp when another employee asked her not to do this because they had to back the company truck in to load it for the next day's deliveries. So, she drove her car around to the end of the ramp and parked at one of the walkways, dismounted, and was proceeding along a walkway to the back door when a pile of tires fell on her, causing the injuries complained of. All of the above events occurred on respondent's premises. Appellant had intended to leave her employer's property and deliver these rugs to her home some distance away. After the accident she did, in fact, drive her car home, where the rugs were unloaded. She then return-ed to work. She then filled out and filed an accident report and subsequently received and accepted a number of industrial compensation checks.

Did appellant's injuries arise out of or in the course of her employment within the provisions of 35–1–45, U.C.A.1953? The answer to this question must be in the affirmative. An employee does not necessarily and ipso facto lose his status as such when the noon whistle blows. State Road Comm. v. Industrial Comm., 56 Utah 252, 190 P. 544. He may eat his lunch at the place where he may be in connection with his duties, or at the designated place (Utah Apex Mining Co. v. Industrial Comm., 67 Utah 537, 248 P. 490, 49 A.L.R. 415) and still remain within the scope of the Compensation Act. Travelers Ins. Co. v. Mc-Allister, 345 S.W.2d 355 (Tex.Civ.App.). Employers Mutual Ins. Co. v. Industrial Comm., 76 Colo. 84, 230 P. 394. In the case at bar the employee was accorded the fringe benefit of being able to purchase merchandise at a discount and to take delivery of such articles during the noon hour. Such benefits are considered to be helpful in employer-employee relations, and most of the decided cases hold that the servant has the protection of the compensation acts if injured while attempting to take advantage of such privileges during the lunch hour and while on the employer's premises. Thus, compensation has been upheld where the employee sustains an injury while par-

ticipating an athletic events, expressly or impliedly encouraged by the employer (Henry v. Lit Bros., 193 Pa.Super. 543, 165 A.2d 406; Geary v. Anaconda Copper Mining Co., 120 Mont. 485, 188 P.2d 185) and, where it was made to appear that the employer encouraged his help to use or purchase equipment on the premises for personal purposes, industrial compensation has been approved. Maheux v. Cove-Craft, Inc., 103 N.H. 71, 164 A.2d 574. And see Daniels v. Krey Packing Co., 346 S.W.2d 78 (Mo.). On the other hand, where it appears that the employee was injured while doing an entirely personal act or something forbidden by her employer, a different rule would prevail. See Mutti v. Boeing Aircraft, 25 Wash.2d 871, 172 P.2d 249; U. S. Steel v. Cicilian, 133 Ind.App. 249, 180 N.E.2d 381; Perri v. Scott Testers, etc., 84 R.I. 91, 121 A.2d 644. We think that the trial court correctly held that the employee in this case was injured while engaged in an activity encouraged or acquiesced in by the employer during the lunch period and while on the employer's premises and was, therefore, limited to the benefits given under the Workmen's Compensation Act.

The issue of estoppel was also raised and discussed in the briefs of the parties, but we do not deem it necessary to resolve that question in view of the answer given to the first proposition. It appearing that the ruling of the court below was correct, its judgment dismissing the action should be, and is hereby, affirmed.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

McDONOUGH, J., having disqualified himself, did not participate herein.