398 P.2d 545

**Joann L. BAILEY, a widow, and Todd F. Bailey, minor son of Frank Dee Bailey, deceased, Plaintiffs,**

**v.**

**UTAH STATE INDUSTRIAL COMMIS-SION and Utah State Insurance Fund, Defendants.**

**No. 10148.**

Supreme Court of Utah.

Jan. 29, 1965.

---

Heber Grant Ivins, American Fork, for plaintiff.

A. Pratt Kesler, Atty. Gen., Charles Welch, Jr., Salt Lake City, for defendants.

CALLISTER, Justice.

Appeal from an order of the Industrial Commission denying an award for the death of Frank Dee Bailey. The Commission found that the deceased was not in the course of his employment at the time of the fatal accident.

Prior to his death, the deceased owned and operated a service station in Lehi, Utah, and was insured under the Workmen's Compensation Act as a sole proprietor.[1] He thus had the dual status, for purposes of the Act, of employer and employee.

The evidence disclosed that Bailey usually left his home at about 5–5:30 a. m. and drove, in his station wagon, to the service station which he customarily opened at 6:00 a. m. On September 23, 1963, at approximately 5:45 a. m., Bailey was killed in a one-car (his station wagon) accident at a point less than a mile from his business and on the highway leading thereto.

The Commission, in denying the claim, determined that the accident did not occur in the course of employment, because the deceased was not on a special mission but was merely on his way to his place of employment. This determination was a legal conclusion based upon a factual situation established without conflict.

1. 35–1–43(4), U.C.A.1953.

■ This court has ruled on numerous occasions that accidents occurring to the employee while going to and from work, in the absence of a special mission, are not compensable because they did not occur or arise out of the course of employment.[2]

There are exceptions to the foregoing generality.[3] The question before us is whether the instant case represents such an exception. We think it is, although admittedly the question is a close one.

It is undisputed that the station wagon involved was used by the deceased in his business and somewhat necessary thereto. He used it for emergency calls at all hours, carried in it some necessary tools and implements to service or repair customers' automobiles, and permitted customers to use it while their cars were being serviced at his station. Further, he owned another automobile which was used as a "family car" and carried the station wagon upon his books as a business asset. The oil and gas which it used was charged as a business expense.

■ There are cases and authority to the effect that, when an employee is required by his employer to bring his own vehicle to the place of business for use there, the employee is covered while going to and from work in the vehicle.[4]

In Davis v. Bjorenson[5] the Iowa Supreme Court held a claimant entitled to compensation who was injured on the way to work while driving his own automobile. He was employed as a mechanic and furnished his car which was kept at the employer's place of business during ordinary working hours for use in the business. The employer furnished gas and oil for the car which, during working hours, was used in making service calls by claimant and other employees. The Iowa Court stated:

"* * * Thus the car was an instrumentality of the business at all hours of the day and was subject to that use at night. It happened that claimant received no orders to make emergency service calls during the night before he was injured. Consequently, it was his duty and this duty was regular and definite, to take the automobile to the employer's shop for its use in the business, by others as well as claimant. In doing so he was performing for his employer a substantial service required by his employment at the place and in the manner

2. e. g.: Covey-Ballard Motor Co. v. Industrial Comm., 64 Utah 1, 227 P. 1028; Wilson v. Industrial Comm., 116 Utah 46, 207 P.2d 1116; Fidelity & Casualty Co. v. Industrial Comm., 79 Utah 189, 8 P.2d 617.

3. See Vitagraph, Inc. v. Industrial Comm., 96 Utah 190, 85 P.2d 601 (1938).

4. Horovitz, Current Trends in Workmen's Compensation (1947), pp. 677–682; Larson, Workmen's Compensation Law, Vol. I, Sec. 17.50, p. 239.

5. 229 Iowa 7, 293 N.W. 829 (1940).

so required. In the language of the able trial court, 'claimant had no selection of his mode of travel to work, that he was required under the terms of his contract to drive his own car from his home to the shop where it was available to his employer for use in the employer's business.'

"It is our conclusion that claimant was in the course of his employment when so engaged and that his injury arose out of his employment." [6]

 In the instant case, the fact that the decedent was both master and servant might seem to pose a problem. However, inasmuch as the legislature has seen fit to include sole proprietors within the compensation coverage, the same rules of law should be applicable to him as to an employee. Therefore, we think the rationale of the Bjorenson case controlling in this case.

 Under the uncontradicted evidence, it appears that the station wagon involved in the accident of this case was an instrumentality of decedent's business and was subject to that use. It was the deceased's regular and definite duty to take the vehicle in the mornings to the station for its use in the business. In doing so,

6. See also: King v. State Ind. Accident Comm., 211 Or. 40, 309 P.2d 159, 315 P.2d 148, 318 P.2d 272 (1957); Pittsburgh Testing Laboratories v. Kiel. 130

he was performing for his employer (himself) a substantial service required by his employment (business) at the place and in the manner so required. Under these circumstances, we hold that the deceased sustained his fatal injuries in an accident that occurred in the course of his employment.

Order of Commission denying an award set aside. Costs to claimant.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

Ind.App. 598, 167 N.E.2d 604 (1960); Willis v. Cloud, 244 La. 623, 153 So.2d 415 (1963).