440 P.2d 23

**G. V. MOSER, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah et al., Commercial Carriers, Inc., and Firemen's Fund, Defendants.**

**No. 11031.**

Supreme Court of Utah.

April 22, 1968.

which this court must give to a trial court's findings of fact.

A. Park Smoot, Salt Lake City, for plaintiff.

Christensen & Jensen, Norman S. Johnson, Salt Lake City, for defendants.

CROCKETT, Chief Justice.

Gerald V. Moser seeks reversal of an order of the Industrial Commission denying his claim for workmen's compensation for disability caused by burns suffered while he was attempting to start his truck, which he had leased to, and was employed as a driver for, defendant Commercial Carriers, Inc.

Defendant Commercial Carriers is in the business of transporting automobiles. It employs plaintiff as a truck driver. Under their arrangement, plaintiff owned the truck, but leased it to the company by an agreement which gives the latter the full right of possession, use and control of it.

On the night of September 8, 1965, the plaintiff, upon completion of a trip, checked in at the defendant's Salt Lake terminal, learned of his assigned trip for the next day and drove the truck home and parked it on a lot nearby, as was permitted by his employer. The next morning he had difficulty in getting the truck started. He phoned the defendant's manager who told him to check the truck for ignition and gas to try to correct the situation; and that if he couldn't, help would be sent. In the course of carrying out these instructions, while pouring gasoline in the carburetor, it spilled on him, ignited, and caused the burns and disability for which he filed the instant claim for compensation.

There is a bothersome perplexity in the Commission's finding and order. It correctly stated that "the only issue is whether the accident occurred within the scope of plaintiff's employment." But it made no finding on that issue. Instead of dealing with that issue squarely, the decision of the Commission appears to be based on these recitals:

(1) that the plaintiff was not on his way to the terminal when the accident occurred; and

(2) that plaintiff's work began when he reached the terminal and not when he left home; and the conclusion that

the applicant was not an employee of Commercial Carriers, Inc., within the meaning of the workmen's compensation act when the accident occurred.

Whether this failure to find directly on the critical issue stated above was done advisedly or by inadvertence, we do not know. The findings are defective in that regard. There can be no question but that the plaintiff was an employee of the defendant company when the accident occurred. However, rather than being diverted by that puzzle, in view of the fact that there is little or no dispute as to the essential facts, we think justice will best be served by proceeding to consider the question which ultimately must be determined anyway: whether under those facts the accidental injury to the plaintiff should be deemed to have arisen out of or within the scope of his employment.[1]

In seeking the answer to that problem, it is appropriate to focus attention upon the factual situation and plaintiff's relationship thereto, just as it existed at the time of his injury. Before doing so, we first observe that this case is quite different and

1. See Sec. 35-1-45, U.C.A.1953.

**54**

therefore distinguishable from the usual case of "going to or coming from work," which we recognize as not within the scope of employment.[2]

■ The first important fact to be noted is the status of the truck. Inasmuch as under the lease the truck was committed to being used in defendant's business with the full right of possession and control, the effect as related to the issue here is the same as if the truck belonged to the company, and it makes no difference who the owner was. Though it was parked in a lot near the plaintiff's home, in order to continue its function in the defendant's business, it was necessary that someone take it down to the defendant's terminal. This would have to be done by someone who was furthering its business and thus in its service. The plaintiff's duty to drive the truck includes those things reasonably incidental to keeping it running and drivable.[3]

■ Coupled with the above are the further significant facts that the problem of the truck stalling had been reported to the manager; and that he had given directions to the plaintiff who was in the process of carrying them out when he was injured. We are not losing sight of nor ignoring the fact that bringing the truck to the defendant's terminal also provided plaintiff with transportation to work. But where an employee is engaged in activities in carrying on the work of his employer, he is within the scope of his employment and the mere fact that he may also derive some benefit himself does not exclude him from coverage.[4]

Closely related in principle is our recently decided case of Bailey v. Industrial Commission.[5] We held that the deceased employee (self-employer) who was driving to work in a station wagon used in his service-station business was performing a substantial service required by the business and that his fatal accident occurred in the course of his employment.[6]

■ It is our opinion that the only reasonable conclusion to be arrived at in this case is that plaintiff's injuries were

2. Bailey v. Utah State Ind. Comm., 16 Utah 2d 208, 398 P.2d 545; O'Brien v. First Camden Nat. Bank & Trust Co., 37 N.J. 158, 179 A.2d 740.
3. See Stakonis v. United Advertising Co., 110 Conn. 384, 148 A. 334, 82 A.L.R. 1252; 99 C.J.S. Workmen's Compensation pp. 718, 719.
4. See Wamhoff v. Wagner Electric Corp., 354 Mo. 711, 190 S.W.2d 915, 161 A.L.R. 1454, and cases cited; also 58 Am.Jur. 744.
5. Footnote 2 above.
6. We quoted with approval Davis v. Bjorenson, 229 Iowa 7, 293 N.W. 829 (1940), which held that where it was the employee's duty to take his automobile to the employer's shop for the use in the business, he was within the scope of his employment; see also Borak v. H. E. Westerman Lbr. Co., 239 Minn. 327, 58 N.W.2d 567 (1953); Knowles v. North Dakota Workmen's Comp. Bur. (1925) 52 N.D. 563, 203 N.W. 895.

sustained in the course of his employment, and that he should be awarded workmen's compensation therefor.[7] It is so ordered. Costs to plaintiff.

CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I dissent. Whether plaintiff was in the course of his employment at the time of injury seems to me to be a fact on which the Industrial Commission did make a finding, to-wit, that plaintiff was not in the course of his employment. In my opinion no other finding could have been made under the facts of this case. Here the plaintiff leased his tractor to Commercial Carriers, Inc., and was to drive it as directed by that company. His contract provided that the company was to have full charge and complete control of the motor vehicle equipment for the full period of the lease.

The work of the plaintiff for the Commercial Carriers, Inc., was to transport automobiles. He was paid only while hauling cars and got nothing when traveling empty going for or returning from hauling a load of automobiles. He was in the employment of his company from the time he left the terminal until he returned thereto and not otherwise.

By custom plaintiff was permitted to take his own tractor to go to his home after he had returned to the terminal from hauling a load of cars. There would be no difference in the relationship between plaintiff and the company if he had been permitted to drive any other vehicle or, for that matter, had he been permitted to ride a bicycle which the company might keep at its terminal. If plaintiff had ridden the company bicycle to his home and got his foot caught in the sprocket, it would be difficult for me to understand how he could contend that he was in the course of his employment or that the injury arose out of his employment under such circumstances. When Mr. Moser tried to start his motor to go back to the terminal of his company, it was merely to see if he was to go out on a trip. He had no trip at that time and had not been requested to report to the terminal. He, like others who lease tractors, would simply await his turn to be sent out with a load of cars or to pick up a load of cars.

The fact that the dispatcher gave him a bit of friendly advice on how to start his motor was a simple courtesy and did not convert the trip which he had made to his own home for his own convenience into a company affair. It would not have matter-

7. That the workmen's compensation act should be liberally applied in favor of coverage of the employee in order to effectuate its purposes, see M & K Corp. v. Ind. Comm., 112 Utah 488, 189 P. 2d 132; Powers v. Ind. Comm., 19 Utah 2d 140, 427 P.2d 740; Wilson v. Sears, Roebuck Co., 14 Utah 2d 360, 384 P.2d 400; Askren v. Ind. Comm., 15 Utah 2d 275, 391 P.2d 302.

ed to the company if Mr. Moser had slept at a motel or at any other place after arriving at the terminal the prior night. His work for the company was ended, and until he started on another trip he was on his own business and not on company affairs.

Had the company directed the plaintiff to take the truck home, a different situation would have arisen, but in this case the plaintiff had simply gone off on an adventure of his own and had not as yet returned to his employer's business.

The law in such situations is rather clear as is shown by the following:

Where the harm which befalls an employee whose work is usually performed off the employer's premises occurs while the employee is on a personal trip, such harm is not compensable as "arising out of the employment," and this notwithstanding the employee is required, as an incident to his trip, to do a trifling job for his employer. Also, an injury suffered by an outside employee while not in the actual performance of the duties required by the contract of employment has been held not in the course of the employment. [99 C.J.S. Workmen's Compensation § 231, at p. 798.]

Ordinarily, an employee is deemed not to be within the course of his employment if he furnishes his own transportation and is injured while going to or from the premises where he is employed. Where the employer is not in the habit of furnishing transportation to and from work for the convenience of his employees, and particularly where the employer is not required by the contract of employment to transport the employees, or where the employee does not choose to avail himself of the means of transportation or of a way provided by the employer, harm sustained by one of such employees being, or attempting to be, transported on his way to or from his home by a conveyance furnished or selected by the employee himself is not ordinarily compensable. If the transportation is not furnished by the employer, but is provided by the employee himself for his own personal convenience, it amounts to no part of the employment, and any injury received in the course of such transportation will afford no basis for compensation. [99 C.J.S. Workmen's Compensation § 236, at pp. 844–845.]

In addition to the cases cited in the earlier annotation, the following later cases support the view that an employee is entitled to compensation for an injury arising out of and in the course of his employment, when such injury was received in the performance of work for his employer outside the scope of his usual duty, but which the employee had been expressly ordered to do by someone authorized to direct him as to his work. [Annotation, 82 A.L.R. 1252, cited as supporting the main opinion.]

An analysis of the cases cited in the main opinion reveals that there are such features about them as to distinguish them from the instant case. For example, the case of O'Brien v. First Camden Nat. Bank & Trust Co., 37 N.J. 158, 179 A.2d 740, involved injury to a bank guard who was required by his employer to proceed to the police station each morning in order to be driven back to the bank in a police vehicle so that the police officer would be present when the guard unlocked the bank door. After he had passed the bank and was on his way to the police station, he was struck by an automobile. The New Jersey court properly held that he was in the course of his employment because he was doing what he had been directed to do by his employer.

Another case cited in the main opinion is that of Stakonis v. United Advertising Co., 110 Conn. 384, 148 A. 334. This case involved an employer who annually gave a picnic to his employees to promote good feeling among the employees and to provide a good time for all. All employees who attended were paid their usual wages for the day. Those who did not attend were not paid. The employees assembled at the office of the employer and were transported in automobiles furnished by the employer unless they chose to go in private automobiles. The plaintiff was told by his foreman to go to the outing and that he would be paid his daily wage if he did so. He rode with the foreman in the car of a fellow employee. Plaintiff was injured in a car collision, and the Connecticut court held that he was entitled to receive workmen's compensation because he was doing what he was told to do by his employer and was being paid for it.

Another case cited in the main opinion is that of Wamhoff v. Wagner Electric Corp., 354 Mo. 711, 190 S.W.2d 915. In this case plaintiff plated and polished a gauge for his employer, and in doing so he put in the chemical solution a windshield frame of a toy automobile belonging to his infant daughter. There was evidence to the effect that it was the best procedure to have another piece of metal in the solution when plating, as it used up the amperage and made burning of the job less likely. There also was evidence that the employer's foreman had instructed the employees to keep busy on private work when not engaging in company jobs. There was also contradictory evidence on this point.

While polishing the toy windshield, the plaintiff's attention was attracted to a fellow employee, and his hand was caught in the polishing machine. He sought an award from the Workmen's Compensation Commission and was granted the same. The Commission on conflicting evidence found that plaintiff was injured while engaged in work incident to his employment. In affirming the award made by the Commission, the court at page 917 of the South Western Reporter said:

In the instant case respondent was injured while engaged in doing an act for his own benefit or pleasure. Unless there is substantial competent evidence to show that, by the conduct of the parties, the activity in which respondent was engaged at the time of injury had become an incident to his employment, he is not entitled to compensation. If there is such evidence we are bound by the finding of the Commission and must affirm the judgment of the circuit court affirming the award. Further, we must consider the evidence, together with all reasonable inferences to be drawn therefrom, in a light most favorable to support the award. [Citations omitted.]

The main opinion makes reference to a citation in 99 C.J.S. at 718–719. However, it does not set forth the text material. It is as follows:

*An act directed by the employer* and one which the employee performed in the belief in good faith that he was following the directions of his superior are within the course of employment, although the act is beyond the scope of the employee's duties, and the same has been held as to acts permitted or acquiesced in by the employer. It has been held that an employee injured while performing work outside his duties *at his employer's direction* is within the course of employment provided the work is within the usual course of the employer's business; but it has also been held that *an act done at the employer's direction* is within the course of employment even though it is outside the usual course of the employer's business. [Emphasis added.]

The Utah case of Bailey v. Utah State Industrial Commission, 16 Utah 2d 208, 398 P.2d 545, was a case where an individual proprietor of a service station was killed on his way from his home to the station. The court at pages 210 and 211 of the Utah Reports at page 546 of 398 P.2d said:

This court has ruled on numerous occasions that accidents occurring to the employee while going to and from work, in the absence of a special mission, are not compensable because they did not occur or arise out of the course of employment.

There are exceptions to the foregoing generality. The question before us is whether the instant case represents such an exception. We think it is, although admittedly the question is a close one.

It is undisputed that the station wagon involved was used by the deceased in his business and somewhat necessary thereto. He used it for emergency calls at all hours, carried in it some necessary tools and implements to service or repair customers' automobiles, and permitted customers to use it while their cars were being serviced at his station. * * *

The oil and gas which it used was charged as a business expense.

\*　　\*　　\*　　\*　　\*　　\*

Under the uncontradicted evidence, it appears that the station wagon involved in the accident of this case was an instrumentality of decedent's business and was subject to that use. It was the deceased's regular and definite duty to take the vehicle in the mornings to the station for its use in the business. In doing so, he was performing for his employer (himself) a substantial service required by his employment (business) at the place and in the manner so required. Under these circumstances, we hold that the deceased sustained his fatal injuries in an accident that occurred in the course of his employment.

In Borak v. H. E. Westerman Lumber Co., 239 Minn. 327, 58 N.W.2d 567 (Minn. 1953), the plaintiff was the widow of an employee who suffocated while attempting to start his automobile. This case is most nearly in point with the instant matter, but the contention of the plaintiff shows the distinction. That contention is set forth at page 569 of the North Western Reporter as follows:

It is the position of petitioner that under the employment contract of decedent he was required to use his car each day in connection with his duties as manager.

She argues in effect that the commission should have found as a matter of law that decedent was required to use his car in connection with his managerial duties; that nowhere in the record is there any evidence to the effect that decedent merely took his car to work each day for his own convenience; and that therefore his death arose out of and in the course of his employment.

The Minnesota Supreme Court reversed the holding of the Industrial Commission to the effect that the deceased was not in the course of his employment and ordered that an award be made to the plaintiff.

There is no contention made in the instant case that the plaintiff was required to take the tractor to his home each night in connection with his duties, and so the Borak case is no authority for the position of the main opinion.

The findings of the Industrial Commission are conclusive upon this court when supported by competent evidence. Vause v. Industrial Commission, 17 Utah 2d 217, 407 P.2d 1006; 35–1–85, U.C.A.1953. The Commission having found, properly I think, that the plaintiff's injuries did not arise out of or in the course of his employment, I do not see how this court can do anything but sustain that finding.

HENRIOD, J., concurs in the result of the dissenting opinion of ELLETT, J.