HAFER'S INC., and the State Insurance Fund, Plaintiffs,

v.

The INDUSTRIAL COMMISSION OF UTAH and Kay A. Reid, Defendants.

No. 13624.

Supreme Court of Utah.

Sept. 30, 1974.

Gary E. Atkin, of Rawlings, Roberts & Black, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Edward M. Garrett, of Hanson & Garrett, Salt Lake City, for defendants.

CROCKETT, Justice:

Plaintiff, Hafer's Inc., employer, seeks reversal of an order of the Industrial Commission awarding workman's compensation to defendant Kay A. Reid for injuries he suffered in working on' one of plaintiff's automobiles which was assigned to him for use as a salesman.

Hafer's is a supplier of machinery, auto parts and accessories based at Salt Lake City. It employed Mr. Reid as a traveling salesman to cover designated parts of Utah and surrounding states. He was furnished a company car and was reimbursed for all expenses of its operation and maintenance. Preparatory to a sales trip the next day, on Sunday morning, May 31, 1970, he took the car to the Shamrock Service Station in

Magna for service; and also to repair and/or adjust what is called a "Monroe-Matic" overload shock absorber on one of the rear wheels. The car was placed on the rack and he himself was under it working with the shock absorber when he was injured. It is indicated that the shock absorber is what is called "spring-loaded"; and that in working with it, it slipped and struck Mr. Reid a blow on the head, resulting in a subdural hemorrhage and the injuries and disability for which this award was made.

Plaintiff's argument is that repairing the automobile was something not reasonably to be anticipated in the work of a salesman; that it is more dangerous and substantially increases the risk of injury; and that accordingly it should not be considered as arising out of or within the scope of his employment as required by the statute as a predicate to workman's compensation.[1]

■■ It is to be conceded, as the plaintiff contends, that doing mechanical work on an automobile is not normally regarded as part of the duties of a salesman. Nevertheless, the scope of one's employment includes not only those things which are the direct and primary duties of the assigned job; but also those things which are reasonably necessary and incidental thereto.[2] The evidence affirmatively shows that the assigned duties of Mr. Reid included keeping the car in a safe and efficient running condition.[3] It is so obvious as to hardly be necessary to state that this encompasses all of its essential parts, including functioning shock absorbers. It therefore appears that there is a reasonable basis in the evidence to support the Commission's finding that in working on the car he was performing duties arising out of or within the scope of his employment.

■ Plaintiff makes the further contention that in any event it should not be held responsible for more than 75 per cent of any award to which Mr. Reid is entitled. It relies on Section 35–1–69, U.C.A.1953, which provides that if any employee who has previously suffered a permanent incapacity, " . . . sustains an industrial injury . . . that results in permanent incapacity which is substantially greater than . . . if he had not had the pre-existing incapacity, compensation . . . shall be awarded on the basis of the combined injuries, but the liability of the employer . . . shall be for the [instant] industrial injury only, and the remainder shall be paid out of the special fund provided for in subdivision (1) of section 35–1–68 . . ." The proposition plaintiff asserts is that there is medical evidence that the applicant had a prior disability which could fairly be rated at 25 per cent. The obstacles to the plaintiff's position are (1), that the Commission expressly found that the injury complained of herein was the sole cause of Mr. Reid's disability for which this award was made; and (2), that there is also a reasonable basis in the evidence to justify that finding.

In accordance with what we have said herein, we are not persuaded that the Commission acted capriciously, arbitrarily or unreasonably, or in excess of its authority.[4] Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

1. See Sec. 35–1–45, U.C.A.1953.

2. E. g., Bailey v. Ind. Comm., 16 Utah 2d 208, 398 P.2d 545 (driving car in connection with duties of operating service station); Moser v. Ind. Comm., 21 Utah 2d 51, 440 P.2d 23 (employee trying to start his own truck, even though at off hours, and not on assigned trip, but acting under direction of employer).

3. See Moser v. Ind. Comm., supra, and Stakonis v. United Advertising Co., 110 Conn. 384, 149 A. 334, 82 A.L.R. 1252; 99 C.J.S. Workmen's Compensation § 217, pp. 718–719.

4. See Kent v. Ind. Comm., 89 Utah 381, 57 P.2d 724.