Charles KINNE, Plaintiff,

v.

INDUSTRIAL COMMISSION, Defendant.

No. 16447.

Supreme Court of Utah.

March 5, 1980.

Brian R. Florence, Ogden, for plaintiff.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., M. David Eckersley of Black & Moore, Andrew R. Hurley of Lowe & Hurley, Salt Lake City, for defendant.

STEWART, Justice:

Plaintiff, Charles Kinne, sought review of an order of the State Industrial Commission which found joint and several liability on the part of Kinne and Freeport Transport, Inc., as employers of Max L. Wynn, who was killed in a tractor· accident. Kinne contends the facts do not support the Commission's findings (1) that Wynn's accident occurred in the course of his employment and (2) that Kinne was Wynn's employer.

In May 1976 Kinne entered into an agreement with Freeport Transport, Inc., providing for the lease of a tractor owned by Kinne to Freeport. Pursuant to the written agreement, Kinne was to be responsible, *inter alia,* for the direction, control, salaries, and .workmen's compensation coverage of his employees. Freeport assumed liability for injuries resulting from the negligent operation of the vehicle involving others than Kinne or his employees. Kinne failed to provide workmen's compensation coverage.

In November 1976, Max L. Wynn, who had been hired by Kinne as a driver, took the tractor home during an interruption in a trip from Colorado to California. When he was en route from his home to Freeport's place of business in Clearfield, Utah, to pick up a trailer and commence the final portion of the trip, the tractor was struck by a train and Wynn was killed.

Wynn's widow filed for workmen's compensation benefits. In July 1978 the Industrial Commission's administrative law judge determined that Wynn was not in the scope and course of his employment at the time of the accident, and compensation benefits were therefore denied. The judge also found that Wynn was an employee of Freeport and not of Kinne. In February 1979 the Commission granted Mrs. Wynn's motion for review and held that Wynn was in the course of his employment when he was killed and that Mrs. Wynn was entitled to benefits. In response to an inquiry as to joint liability by the State Insurance Fund, Freeport's insurer, the Commission by supplemental order held that Wynn was an employee of Kinne under the terms of the lease agreement and that Kinne was therefore jointly and severally liable with Freeport for the compensation award. Kinne's appeal is from that order.

An order of the Industrial Commission will stand unless it is contrary to law or unsupported by substantial evidence, § 35–1–84 U.C.A. (1953), as amended. Kinne argues that the Commission erred in its findings that Wynn was in the course of his employment at the time of the fatal accident and that Kinne was Wynn's employer for purposes of workmen's compensation coverage.

■ Whether an accidental injury arises out of or within the scope of employment depends upon the particular circumstances of each case, *Moser v. Industrial Commission,* 21 Utah 2d 51, 440 P.2d 23 (1968). This case, like *Moser,* is distinguishable from the usual case of going to, or coming from, work, which is not generally within the scope of employment, *Wilson v. Industrial Commission,* 116 Utah 46, 207 P.2d 1116 (1949).

■ The Commission in the instant case found Wynn's practice was to take the tractor to his home, where he cleaned and serviced it to keep it in proper running condition. It was understood that this maintenance work was Wynn's responsibility, and it was done with the knowledge of both Kinne and the general manager of Freeport. Wynn kept the required maintenance tools at his home. On the weekend preceding the accident, Wynn had taken the tractor home and had performed certain required repairs on it, for the benefit of Kinne and Freeport and in accord with the agreement between the two employers. The Commission's conclusion that Wynn was in the course of his employment at the time of the accident is clearly supported by substantial evidence.

■ Kinne's argument that he was not Wynn's employer and therefore had no liability for workmen's compensation is without merit. The question of who is an employer under a truck lease has been a recurring one before this Court. The Commis-

sion in this case found that the express terms of Kinne's lease agreement with Freeport made Kinne the employer of Wynn. The agreement gave Kinne the legal right of direction and control over Wynn, even though such right may not have been exercised. It is the *right* of control that is the critical element underlying an employment relationship in the present case. See *Utah Fire Clay Co. v. Industrial Commission*, 86 Utah 1, 40 P.2d 183 (1935); *Auerbach Co. v. Industrial Commission*, 113 Utah 347, 195 P.2d 245 (1948). Under the terms of the lease agreement, Kinne also had the right to hire and fire Wynn, he was responsible for paying Wynn's wages, and he owned and leased the tractor and trailer used by Wynn in the performance of his duties. See *Harry L. Young & Sons, Inc. v. Ashton*, Utah, 538 P.2d 316 (1975). These factors support the Commission's finding that Kinne was Wynn's employer.

The lease agreement provided that Kinne would maintain workmen's compensation coverage for his drivers. Such an agreement clearly may not be used to avoid liability for workmen's compensation benefits by a statutory employer, such as Freeport was found to be in the present case. But Kinne seeks to disclaim his liability for compensation benefits in spite of the express terms of the agreement making him responsible for such coverage. It is not unreasonable to hold a party responsible for obligations he assumes by contract. Furthermore, Wynn stood in the position of a third-party beneficiary of the contract between Kinne and Freeport, since the workmen's compensation provision was for the benefit of the drivers hired by Kinne for the vehicles he leased to Freeport. Kinne may not avoid his liability to Wynn as spelled out by the terms of his signed agreement.

The findings of the Commission are supported by the record. It did not err as a matter of law in finding an employment relationship between Kinne and Wynn and joint liability for compensation on the part of Kinne. Moreover, Kinne is not relieved of his obligation by the fact that another employer, Freeport Transport, Inc., was a statutory employer also responsible for workmen's compensation coverage. An employee, for the purpose of workmen's compensation, may have two employers. See *Blessing v. T. Shriver & Co.*, 94 N.J.Super. 426, 228 A.2d 711 (1967).

The Commission's order is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.