**BB & B TRANSPORTATION and/or Workers' Compensation Fund of Utah, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Uninsured Employers' Fund, and Mark Bundy dba Mark Bundy Trucking, Respondents.**

No. 940229–CA.

Court of Appeals of Utah.

March 31, 1995.

**612**

James R. Black (argued), Callister, Nebeker & McCullough, Salt Lake City, for petitioner BB & B.

Richard G. Sumsion, Salt Lake City, for petitioner Workers Compensation Fund of Utah.

David M. Wahlquist (argued), Stuart F. Weed, Kirton, McConkie & Poelman, Salt Lake City, for Bundy.

Sharon J. Eblen (argued), Salt Lake City, for Uninsured Employers' Fund.

Before BILLINGS, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Petitioners challenge an order of the Industrial Commission (Commission) holding them liable for full workers' compensation benefits awarded to a worker's minor heirs. We reverse and remand.

## FACTS

Mr. Phillipson was injured on May 10, 1991, in a motor vehicle accident. The injuries resulted in his death. At the time of the accident Phillipson was driving a truck owned by Mark Bundy and leased to BB & B Transportation (BB & B). Phillipson's spouse and minor heirs filed a claim for death benefits on August 3, 1992. The administrative law judge (ALJ) dismissed the spouse's claim because it was not filed within the one-year statute of limitations period. However, the ALJ ruled that the statute of limitations was tolled as to the minor heirs. That ruling is not contested by the parties.

A formal adjudicative hearing was held on April 22, 1993. The ALJ determined that Phillipson was an employee of both BB & B and Bundy at the time of his death, and that both employers were therefore jointly and severally liable for the payment of death benefits. The Workers' Compensation Fund (WCF), BB & B's workers' compensation insurer, was directed to pay the benefits subject to being reimbursed fifty percent from Bundy. Under Utah law, if Bundy is insolvent or unable to pay his share, the Uninsured Employers' Fund (UEF) would be responsible to pay Bundy's share to WCF. Utah Code Ann. § 35–1–107(1) (Supp.1994).

Bundy and UEF filed motions for review with the Commission. The Commission concluded that Phillipson was employed solely by BB & B at the time of the fatal accident, and thus, Bundy and UEF were not liable to pay a portion of the death benefits. BB & B and the WCF filed a petition for review of the Commission's determination.

## ISSUES

The issues presented for our review are (1) whether the Commission properly determined that BB & B was Phillipson's sole employer; and (2) whether the UEF is liable for a portion of the benefits awarded to Phillipson if we find Bundy was also Phillipson's employer.

## ANALYSIS

We must first consider whether Phillipson was employed solely by BB & B, as determined by the Commission, or was employed both by Bundy and BB & B. The facts concerning the terms and manner of employment are not in dispute. Accordingly, the nature of the relationship here is a question of law, which we review for correctness. See *Ghersi v. Salazar*, 883 P.2d 1352, 1354 (Utah 1994).

The supreme court makes clear that an employee may have two employers for purposes of the Workers' Compensation Act. *Id.* at 1355; *Kinne v. Industrial Comm'n*, 609 P.2d 926, 928 (Utah 1980). These Utah cases and similar cases from other jurisdictions hold both employers liable under the

theory that the employee is serving both employers and is under the control of both. *Ghersi*, 883 P.2d at 1355, 1358; *Kinne*, 609 P.2d at 928; *see e.g., Hobelman v. Mel Krebs Constr. Co.*, 188 Kan. 825, 366 P.2d 270, 273–74 (1961) (finding both employers liable); *Long v. Sims Motor Transport Lines*, 124 Ind.App. 504, 117 N.E.2d 276, 278 (1954) (determining evidence was sufficient to demonstrate mixed control, not necessarily complete in either).

■ Under Utah law, it is the *"right* of control that is the critical element underlying an employment relationship." *Kinne*, 609 P.2d at 928. If we find sufficient mixed control between the lessor and lessee, both are liable for workers' compensation benefits.

■ The following evidence was presented to the Commission. On the day of the accident, the truck Phillipson was driving was owned by Bundy and leased to BB & B. The truck bore logos from both Bundy and BB & B. Under his agreement with Bundy, Phillipson was to receive 20% of the revenue generated per load, to be paid out of the share Bundy received from BB & B. The lease agreement between BB & B and Bundy stated that Bundy would receive 85% of the revenue generated and BB & B would receive 15%.

Bundy had the responsibility for "hiring, setting the wages, hours and working conditions of and adjusting the grievances of, supervision, training, disciplining and firing of all drivers." Bundy was also required to pay Phillipson. The lease provided that Bundy "shall furnish to [BB & B] a list of [Bundy's] qualified drivers and any supporting documentation relating thereto that [BB & B] may, from time to time, reasonably request. [BB & B] is hereby granted the right to request [Bundy] not to use any particular

driver, and upon such request from [BB & B, Bundy] shall comply therewith."

The lease also provided that BB & B "shall have the complete care, custody and control of both the Leased Equipment and drivers furnished therewith." BB & B retained the exclusive right to dispatch the driver, make job assignments, and require detailed reports of each trip. All loads hauled by Phillipson had to be approved by BB & B, and Phillipson was required to check in with BB & B before 10:00 a.m., Monday through Friday. The lease stated that BB & B would procure and maintain in force policies covering personal injury and workers' compensation insurance. Bundy was required to provide liability and cargo insurance for his truck.

■ No evidence to the contrary was presented. In our judgment, the evidence presented establishes as a matter of law that Phillipson was the employee of both BB & B and Bundy within the contemplation of the Workers' Compensation Act.[1] The two employers each had sufficient "mixed control" to constitute employers under the Act.[2]

■ We next address the liability of the Uninsured Employers' Fund to pay Bundy's share of the workers' compensation benefits. Petitioners assert that if *any* employer is able to pay, the UEF is not required to make any payments toward workers' compensation benefits. Utah Code Ann. § 35–1–107(1) (Supp.1994) provides:

There is created an Uninsured Employers' Fund. The fund has the purpose of assisting in the payment of workers' compensation benefits to any person entitled to them, if *that person's employer* is individually, jointly or severally liable to pay the benefits, but becomes or is insolvent, appoints or has appointed a receiver, or otherwise does not have sufficient funds, in-

**1.** The agreement between Phillipson and Bundy provides that Phillipson would hold Bundy harmless from any and all liability for workers' compensation or any other liability which might be subsequently imposed on Bundy. However, this provision is void on its face because "[n]o agreement by an employee to waive his rights to compensation under this title shall be valid." Utah Code Ann. § 35–1–90 (1994).

**2.** Bundy is not relieved of his obligation by the fact that another employer, BB & B, was a "statutory employer" also responsible for workers' compensation coverage. As discussed above, an employee, for the purpose of workers' compensation, may have two employers. *Ghersi*, 883 P.2d at 1355; *Kinne*, 609 P.2d at 928. Further, the definition of a statutory employer is different from other definitions of employer and different legal principles govern the two types of relationships. *See Ghersi*, 883 P.2d at 1356.

surance, sureties, or other security to cover workers' compensation liabilities.

*Id.* (emphasis added). .

█ "When faced with a question of statutory construction, we look first to the plain language of the statute." *CIG Exploration, Inc. v. State Tax Comm'n,* 259 Utah Adv. Rep. 11, 12, —— P.2d ——, —— (Utah 1995). If we find no ambiguity, we look no further. *Id.*

We find the statute to be clear on its face. Under the plain language of the·statute, if an employer is liable to pay benefits but is or becomes insolvent or unable to pay, the UEF must pay that employer's share. The wording of the statute contemplates the UEF assisting in paying a portion of workers' compensation benefits, even if another employer is capable of paying the benefits. The term "assisting in the payment" bolsters our conclusion that the UEF may have the duty to "assist" another employer making compensation benefits. *See Savage Indus., Inc. v. State Tax Comm'n,* 811 P.2d 664, 670 (Utah 1991) (stating we must assume each term of statute was used advisedly; thus statutory words are read literally unless such reading is unreasonably confusing or inoperable).

As discussed above, Bundy was Phillipson's employer. He is liable to pay benefits to Phillipson's heirs under the Workers' Compensation Act. If Bundy is unable to pay, the UEF must pay Bundy's share of the benefits.

## CONCLUSION

We conclude that Phillipson was employed both by BB & B and Bundy at the time of his accident and that both are therefore liable for workers' compensation payments received by Phillipson's heirs. Pursuant to Section 35–1–107, if Bundy is unable to pay his share of the benefits, the UEF must pay Bundy's share. Accordingly, we reverse the order of the Commission and remand this matter for an entry of an award in accordance with this opinion.

BILLINGS and ORME, JJ., concur.