**William PACE, Plaintiff and Appellant,**

v.

**CUMMINS ENGINE COMPANY, INC., an Indiana corporation; Cummins Intermountain, Inc., fka Cummins Intermountain Diesel Sales Co.; Savage Fabrication Corp., fka Savage Rite–Way, Inc.; Savage Rite–Way Corp.; Savage Manufacturing Corp.; Lowdermilk Rock Products; and Steve's Diesel Service & Sales, Defendants and Appellees.**

No. 940343–CA.

Court of Appeals of Utah.

Oct. 19, 1995.

D. David Lambert, Leslie W. Slaugh, and Phillip E. Lowry, Howard, Lewis & Petersen, Provo, for Appellant.

Ford G. Scalley, John E. Hansen, and Wesley D. Hutchins, Scalley & Hansen, Salt Lake City, for Appellee Lowdermilk.

Before DAVIS, Associate P.J., and JACKSON, and WILKINS, JJ.

## OPINION

JACKSON, Judge:

William Pace appeals the trial court's grant of summary judgment in favor of Lowdermilk Rock Products (LRP). We affirm.

## FACTS

Pace worked as a heavy duty mechanic for Elbert Lowdermilk, Inc. (ELI). ELI and LRP shared some commonality of ownership and directorship. However, neither was a subsidiary of the other. Richard N. Lee was president of both during all relevant times. The two companies often loaned employees back and forth as needed. However, the two companies had their own places of business and did not work on the same kinds of projects.

On July 13, 1987, Pace was "dispatched" to work on an engine installed in a Rite–Way mixer truck owned by LRP. Pace worked on the engine with Floyd Seal, a lead mechanic employed by LRP. Although Pace believed he and Seal "worked as a team," he testified that he also considered Seal to be the "lead man on this job." In order to work on the transmission, the engine was lifted from the truck and suspended by a cable attached to liftout brackets on the engine. While Pace was working on the engine one of the liftout brackets failed, causing the engine to drop on Pace, injuring him.

Pace brought a negligence action against LRP.[1] LRP then filed a motion for summary judgment, claiming immunity from tort liability under Utah's workers' compensation statute. The motion was supported by Lee's affidavit which provided that the two companies had an understanding that LRP would reimburse ELI for wages and premiums or benefits in such loaned employee situations, and LRP did in fact pay such amounts.[2] Pace moved to strike the affidavit and opposed the motion on the basis that there were material factual disputes. The court denied Pace's motion to strike and granted LRP's motion for summary judgment. Pace now appeals.

## ANALYSIS

Pace claims the trial court improperly granted LRP's motion for summary judgment. Specifically, Pace asserts that LRP cannot be considered Pace's employer because LRP is not a special employer under the loaned employee doctrine as set forth below.

As a preliminary matter, Pace asserts that whether an employment relationship existed between LRP and himself is a question of fact that cannot be disposed of on summary judgment. However, the essential facts relating to the terms and manner of employment are undisputed here. The nature of the relationship, therefore, is an issue of law that may be decided by this court. *Ghersi v. Salazar,* 883 P.2d 1352, 1354 (Utah 1994) (finding that when essential facts are undisputed, courts may determine as matter of law employment status in context of workers'

---

1. Pace also sued several other defendants. However, Pace has settled with these defendants and they have been dismissed from the action with prejudice.

2. ELI initially paid Pace's salary for the work in question, as well as his workers' compensation benefits.

compensation statute's exclusive remedy provision); *BB & B Transp. v. Industrial Comm'n,* 893 P.2d 611, 612 (Utah App.1995) (same).

Under the Workers' Compensation Act, an employer's liability to employees for work-related injuries is limited to workers' compensation. Utah Code Ann. § 35–1–60 (Supp.1995). However, nonemployers may be sued for damages for injuries to workers caused by the nonemployer's negligence. *Ghersi,* 883 P.2d at 1354–55. Thus, if LRP is an employer as contemplated by the workers' compensation act, Pace's exclusive remedy is workers' compensation benefits.

■ In Utah, an employee may have more than one employer for purposes of workers' compensation. *Id.* at 1355; *Kinne v. Industrial Comm'n,* 609 P.2d 926, 928 (Utah 1980); *BB & B,* 893 P.2d at 612. Either employer may invoke the exclusive remedy provision if an employer-employee relationship exists at the time the employee is injured. *Bliss v. Ernst Home Ctr., Inc.,* 866 F.Supp. 1362, 1365 (D.Utah 1994) (citing *Ghersi,* 883 P.2d at 1355; *Bambrough v. Bethers,* 552 P.2d 1286, 1289 (Utah 1976)).

The Utah Supreme Court has adopted the "lent" or "loaned" employee doctrine in determining whether a "special" employer of a temporary employee is an employer for purposes of workers' compensation. *Ghersi,* 883 P.2d at 1356–57. Pace asserts that under the loaned employee doctrine, LRP was not his employer at the time of the accident.[3]

■ When ELI "loaned" Pace to LRP, LRP became liable for workers' compensation and is considered Pace's employer if "(a) the employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work." *Ghersi,* 883 P.2d at

1356–57 (quoting 1B Arthur Larson, *The Law of Workmen's Compensation* § 48.00, at 8–434 (1992)).

■ First, Pace asserts that he had no contract of hire with LRP because he was "instructed" by an LRP supervisor to work on the truck for LRP, rather than being allowed to enter into a contract of employment with LRP, including an offer, acceptance, and consideration. Pace contends he never consented to become an employee of LRP, and he claims there must be an informed consent to form a contract for hire. However, a contract for hire "need not be express; it may be inferred from the circumstances." *Ghersi,* 883 P.2d at 1357. "[C]onsent may be implied from the employee's acceptance of the special employer's control and direction." 1B Larson, § 48.15, at 8–464. Thus, "what is important is not subjective consent, but rather an objectively manifested consent to the employment relationship as that relationship is understood by the workers' compensation statute." *Bliss,* 866 F.Supp. at 1366 (citing *Ghersi,* 883 P.2d at 1357). Pace accepted his supervisor's assignment to work with LRP, as he had done on previous occasions. He at least impliedly consented to perform work under LRP's direction and control in the same manner as other LRP employees.[4] Thus, Pace's assertion that he did not understand himself to be an "employee" of LRP is conclusory. *See Bliss,* 866 F.Supp. at 1367. The standards which govern employment status are defined by statute and case law, not by an employee's subjective beliefs. *Id.*

Second, Pace claims that the work being done was not essentially that of LRP. We disagree. Pace's assignment as a loaned employee was to work on an LRP truck for the benefit of LRP.

Third, the right to control the details of the work also weighs in favor of finding an employment relationship between Pace and

---

3. Pace acknowledges in his brief and Pace's counsel also confirmed at oral argument that we are to determine LRP's employer status solely under the "loaned employee" doctrine as enunciated in *Ghersi,* 883 P.2d at 1356–57. Thus, Pace abandoned his argument made before the trial court that the Workers' Compensation Act does not provide immunity to LRP because LRP is a

"statutory employer" under Utah Code Ann. § 35–1–42 (Supp.1995), and LRP did not provide workers' compensation benefits.

4. Pace's assertion that he was not "controlled" by LRP is discussed below under the third factor of the loaned employee doctrine.

LRP. Pace was assigned to report to LRP and to work on LRP's transmission at an LRP job site, which he did. He worked with an LRP employee, Floyd Seal, whom Pace considered to be the "lead man" on the job.[5] Moreover, Lee, LRP's president, stated in his affidavit that Pace was working within LRP's exclusive supervision and control at the time of the accident.[6]

Because all three elements of the loaned employee doctrine are met, we conclude that LRP was Pace's special employer for purposes of workers' compensation.[7] Therefore, whether LRP is immune from suit depends upon whether workers' compensation premiums or benefits were provided through LRP. *See Ghersi*, 883 P.2d at 1357. Again, Lee's affidavit provided that LRP reimbursed Pace's wages and workers' compensation premiums. As discussed in footnote six, Pace did not adequately refute this testimony. Thus, we conclude that the trial court properly determined that LRP paid the workers' compensation premiums.

In sum, because LRP was Pace's special employer and paid workers' compensation premiums, Pace cannot maintain a negligence action against LRP.

## CONCLUSION

The trial court properly granted LRP's motion for summary judgment because no essential facts were disputed and the trial court could properly conclude as a matter of law that LRP was an employer under the loaned employee doctrine. Accordingly, we affirm.

DAVIS, Associate P.J., and WILKINS, J., concur.

---

5. Pace asserts that he did not have to follow LRP instructions, but rather worked as a team with Seal. However, the record fails to reveal any statement by Pace that he was not required to follow LRP instructions. Instead, Pace states in the record that he and Seal worked as a team, with Seal as the "lead man."

6. Pace also asserts that Lee's affidavit should have been stricken by the trial court because it contained statements that would not be admissible as evidence. *See* Utah R.Civ.P. 56(e). However, we conclude that the trial court did not abuse its discretion in refusing to strike the affidavit. *See Crookston v. Fire Ins. Exch.*, 860 P.2d 937, 938 (Utah 1993). Pace alleges paragraphs seven and eight of the affidavit contain legal conclusions rather than facts. However, the affidavit states that *based upon Lee's personal knowledge*, Pace was under LRP's exclusive control and that LRP was Pace's employer at the time of the accident. These are factual statements to which the law attaches legal consequences under the loaned employee doctrine. *This does not* mean they are legal conclusions.

We also find no merit in Pace's allegation that Lee's personal knowledge of the facts is an insufficient foundation to establish his competency to testify. Thus, we decline to address it further. *State v. Carter*, 776 P.2d 886, 888–89 (Utah 1989) (determining court may decline to address arguments without merit on appeal).

Pace next asserts that paragraph nine violates the best evidence rule because, even though Lee states in his affidavit that LRP reimbursed ELI for the appropriate workers' compensation premiums paid on behalf of Pace, LRP's payment record would be the best evidence of the payment. We disagree. Rule 56 of the Utah Rules of Civil Procedure provides that when a motion for summary judgment is made and supported with a sworn affidavit, the adverse party may not rest on mere allegations or denials, but must set forth specific facts by affidavit showing there is a genuine issue for trial. Lee set forth facts based upon his personal knowledge that LRP paid the workers' compensation premiums. At this point, Pace chose not to submit an affidavit stating otherwise; rather, he chose merely to deny the factual assertion made by Lee. Further, he did not pursue other discovery options available to him to bolster or refute Lee's factual statement. Thus, the trial court properly granted the motion for summary judgment against him on this issue, *see* Utah R.Civ.P. 56(e), and the trial court did not abuse its discretion in denying Pace's motion to strike Lee's affidavit.

7. LRP also asserts that it is immune from Pace's negligence claims based on the "joint employment" doctrine set forth in *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 255–56 (Utah App. 1993). However, we need not address this assertion because of our conclusion that LRP is a special employer under the loaned employee doctrine.